**CRETA, Plaintiff-Appellant, v. RIDGEWAY, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5856.   Decided March 18, 1958.

Blaine B. Hunkins, Columbus, for plaintiff-appellant.
Walter W. Grelle, Jr., Columbus, for defendant-appellee.

## OPINION

By PETREE, PJ.

This is a law appeal from a judgment of the Common Pleas Court reversing the judgment of the Municipal Court, which latter court had given judgment for $500.00 for real estate commission to plaintiff, appellant herein.

The Ridgeway property was in the name of Raymond R. Ridgeway, who signed an exclusive listing contract to sell the property at 1729 South Fifth Street for $10,000.00 cash. His wife, Marie Ridgeway, also signed said exclusive listing contract.

The property was never sold for $10,000.00 cash by the appellant, Creta  However, appellant did bring an offer by two people to purchase the property for $10,000.00, payable $800.00 cash and $70.00 a month; and said offer contained the following condition:

"This contract subject to Seller getting a $4500 loan on said property."

This offer was presented to Mr. Raymond R. Ridgeway and signed by him.

Appellant, in his statement of facts on Page 3 of his brief, makes the following statement:

"The plaintiff found a Building and Loan Association that was ready, willing and able to make the loan to the defendant in the amount of $4,500.00, as required by the contract.

"The wife of the defendant then refused to sign the note, mortgage and land contract. The purchasers, Charles R. Siders and Margaret Siders were at all times ready, willing and able to purchase said real estate, as provided by the written contract."

While the offer accepted by Defendant Ridgeway, appellee herein, contained a provision for him to furnish abstract of title and that the title was to be conveyed by a general warranty deed with release of dower rights, with the record as it is here, the loan which was granted required Mrs. Ridgeway to sign the mortgage and note. This she did not desire to do; and without her signature, Mr. Ridgeway could not get the loan. Therefore, we feel that the Court of Common Pleas was correct in holding that the conditions precedent to a binding contract were not fulfilled, and Exhibit B never became operative as a contract. That being the case, Ridgeway was not liable for the commission.

The judgment of the Common Pleas Court will, therefore, be affirmed. Judgment affirmed.

BRYANT and MILLER, JJ, concur.